Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed April 15, 2004









Petition for Writ of
Mandamus Conditionally Granted and Memorandum Opinion filed April 15, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00001-CV

____________

 

IN RE REYNOLDS METALS COMPANY, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R A N D U M  O P I N I O N

Relator Reynolds Metals Company seeks
a writ of mandamus directing the Judge of the 212th District Court, Cause No.
03-CV-0043, to vacate her order of December 19, 2003, which compels Reynolds
Metals to comply with requests for production. 
Reynolds Metals contends that the trial court abused her discretion in
requiring the production of documents because the requests were overbroad and
irrelevant.  On January 13, 2004, we
stayed the discovery order pending our orders. 
As we explain below, after reviewing the record, we find the discovery
requests overly broad, and we conditionally grant the writ.  

 








I.          Background

The underlying suit involves premises
and products liability claims by Gabriel and Virginia Salais (Salais) against
66 defendants.  During discovery, Salais
propounded 136 requests for production on all of the defendants.  In response, Reynolds Metals filed objections
stating that the requests for production were overbroad, unduly burdensome,
vague and ambiguous.  Reynolds Metals
objected to the discovery because Salais had not provided it specific
information regarding Salais=s relationship with its premises including, when he was on
the premises, where he was on the premises, who employed him, and how he became
exposed to any toxic substances. 

In response to Reynolds Metals= objections, Salais filed a motion to
compel.  He claimed he requested specific
documents reasonably calculated to lead to the discovery of admissible evidence
and that his 136 requests for production were narrowly-tailored to the years
during his exposure to cancer-causing chemicals and substances. 

On December 19, 2003, the trial court
held a hearing to consider the objections and motion to compel.  Without making any changes to the discovery
requests, the trial court denied all of Reynolds Metals= objections and ordered it to fully
answer the requests for production.  

II.        Availability
of Mandamus Relief








Mandamus is available to correct a
clear abuse of discretion when the relator has no adequate remedy at law.  Canadian Helicopters, Ltd. v. Wittig,
876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).  The burden of establishing an abuse of
discretion and an inadequate appellate remedy is on the party resisting
discovery, and this burden is a heavy one. 
Id.  A clear abuse of
discretion occurs when an action is Aso arbitrary and unreasonable as to
amount to a clear and prejudicial error of law.@ 
CSR Ltd. v. Link, 925 S.W.2d 591, 596 (Tex. 1996) (orig.
proceeding).  

Generally, the scope of discovery is
within the trial court=s discretion.  Dillard
Dep=t Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995)
(orig. proceeding).  However, the trial
court must make an effort to impose reasonable discovery limits.  In re Am. Optical Corp., 988
S.W.2d 711, 713 (Tex. 1998) (orig. proceeding). 
The trial court abuses its discretion by ordering discovery that exceeds
that permitted by the rules of procedure. 
Texaco, Inc. v. Sanderson, 898 S.W.2d 813, 815 (Tex. 1995) (orig.
proceeding).  

III.       Analysis

A.        Waiver

Salais served a 36-page document on
all defendants which included 136 requests for production.  In his motion to compel, Salais claimed that
his requests were narrowly-tailored to the years during which Salais was exposed
to cancer-causing chemicals and substances. In this proceeding, Salais argues
that Reynolds Metals waived its objections to the discovery by not making clear
objections and asserting numerous unfounded objections.  See Tex.
R. Civ. P. 193.2(e).  But, based
on the objections to the discovery requests, the responses to Salias=s requests for production, and the
transcript of the December 19 hearing, we conclude that Reynolds Metals clearly
presented its discovery objections to the trial court. 








Salais also argues that Reynolds
Metals waived its objections by failing to produce some evidence to the trial
court in support of its objections.  At
the hearing on objections to written discovery, the Aparty making the objection or
asserting the privilege must present any evidence necessary to support the
objection . . . .@  Tex. R. Civ. P. 193.4(a).  Reynolds Metals produced no evidence at the
hearing.  The trial court had before it
only Reynolds Metals= argument, its motion for protection, and its objections and
responses to discovery.  However, this is
not necessarily fatal to Reynolds Metals= claim.

Recently, the Supreme Court stated
that Aevidence may not always be necessary
to support a claim of protection from discovery@ under Rule 193.4.  In re Union Pac. Res. Co., 22 S.W.3d
338, 341 (Tex. 1999) (orig. proceeding). 
As we explain below, this is the type of case the supreme court must
have contemplated when it made that statement. 
For here, the trial court could determine whether the discovery requests
were overbroad without hearing evidence. 


B.        The
Overbroad Discovery Requests

Salais=s discovery requests are problematic
in this mandamus because he has not alleged clearly the dates he worked at
Reynolds Metals, partly because his heirs may not know.  Salais died six months before this suit was
brought and his family may have very little documentation to show where he
worked and when.  For example, his
representatives say he worked for two contractors B Sizemore and Haas Paving B yet social security records show
that Salais earned reported income from Sizemore only in 1988 and 1989.  The records do not list Haas Paving at
all.  These records are the only proof
Salais has of work history at Reynolds Metals= premises.  








In spite of showing only a two year
period of employment, Salais=s lawyers sent the following requests:

Request for
Production No. 15:
All epidemiological and toxicological tests, studies, and research conducted by
or on behalf of Defendant(s) that refer or relate to chemicals during the time
period 1948 to present.

 

Request for
Production No. 16:
All epidemiological and/or toxicological tests, studies, and research conducted
by or on behalf of Defendant(s) that refer or relate to leukemia from 1948 to
present.    

 

Request for
Production No. 29:
Copy of all documents relating and/or referring to chemicals causing cancer in
humans, generally, and specifically, causing leukemia, multiple myeloma,
lymphoma and cancers of the blood.

 

Request for
Production No. 38:
All worker=s compensation claims for leukemia,
multiple myeloma, lymphoma and cancers of the blood made by employees (past or
present) during the time period 1990 to present.

 

Request for
Production No. 41:
All biological monitoring records pertaining to the chemicals during the time
period 1948 to 2002.  

 








Clearly, these requests are too
broad.  They also are not the only overly
broad requests; we list them only for illustrative purposes.  Overall, the requests for production provide
time limits between the following dates: (1) 1975 and 1990 (his alleged dates
of exposure); (2) 1948 to present; (3) 1975 to present; (4) 1990 to present;
(5) 1952 to 1979; and (6) 1960 to 1985. 
The variety in time limitations is perplexing in light of Salais=s argument at the December 19 hearing
that he is only interested in discovery between 1975 and 1990.[1]  

C.        Controlling
Case Law








The case law
supports a conclusion that these requests are overly broad.  The Texas Supreme Court has written several
opinions that control our decision and point out the problems with this
discovery.  In Dillard Dep=t Stores, Inc. v. Hall, the Court held that the trial court=s order was overly broad, because it
required Dillard to produce every incident report filed between 1985 and 1990
in all 227 Dillard stores nationwide. 
909 S.W.2d at 492 (A[R]equests for document production may not be used simply to
explore.@). 
In American Optical, the trial court ordered the defendant to
produce every document ever produced relating to asbestos.  The Court held the order was overbroad,
because Aordering a defendant to produce
virtually all documents regarding its products for a fifty-year period is an
abuse of that discretion.@  988 S.W.2d at 713.  In Texaco, Inc. v. Sanderson, the
plaintiffs claimed they were injured by exposure to benzene and requested all
safety and toxicology documents written by the corporate safety director,
including documents regarding other employees= exposure and plants where the
plaintiffs never worked.  898 S.W.2d at
814.  These requests included time
periods during which the plaintiffs did not work with the company.  Id. 
The Court held the request was overbroad, because it was Anot merely an impermissible fishing
expedition; it [was] an effort to dredge the lake in hopes of finding a fish.@ 
Id. at 815.  As in Dillard,
it appears here that Salais=s lawyers are using these requests simply to explore.  Dillard, 909 S.W.2d at 492.  And, in light of the dearth of information
about Salais=s work history, these requests border
on being as egregious as those in Texaco, Inc. v. Sanderson.  See 898 S.W.2d at 814B15. 


This Court
has also addressed this situation. 
Recently, we stated that requiring defendants to identify which of their
products contain asbestos before plaintiffs identify the products to which they
claimed exposure constituted an inappropriate procedure that would require
defendants to produce information regarding a claim the plaintiff has not yet
made.  In re Sears, Roebuck & Co.,
123 S.W.3d 573, 579 (Tex. App.CHouston [14th Dist.] 2003, orig. proceeding).  Because the trial court=s discovery order compelled the
production of far more than what the plaintiff identified as potential sources
of exposure, this Court concluded that the discovery requests were not narrowly
tailored and thus, overbroad.  Id.   

This dispute
suffers from the same problem discussed in Sears as evidenced by the
discovery requests and Salias=s argument at the December 19 hearing: AI=m first going to the premises owner
and saying give me the basic discovery that we deserve in this case to show
what we worked around.@  Similar to Sears,
Salias=s discovery asks for information
before Salias has made a claim. 








Discovery
orders requiring document production from an unreasonably long time period or
from distant and unrelated locales are impermissibly overbroad.  See Am. Optical, 988 S.W.2d at
713.  A central consideration in
determining overbreadth is whether the request could have been more narrowly
tailored to avoid including tenuous information and still obtain the necessary,
pertinent information.  Id.  Discovery requests must be limited by time,
place, and subject matter.  In re
Xeller, 6 S.W.3d 618, 626 (Tex. App.CHouston [14th Dist.] 1999, orig.
proceeding).  A trial court must make an
effort to impose reasonable discovery limits. 
Am. Optical, 988 S.W.2d at 713. 


In summary,
based on the record before us, we conclude that the requests for production are
overbroad because they lack reasonable limitations as to time.  The trial court abused her discretion by
granting Salais=s motion to compel without imposing reasonable discovery
limits.  

D.        No
Adequate Appellate Remedy

Although we
have concluded that the trial court abused her discretion, our analysis does
not end there.  To be entitled to
mandamus relief, Reynolds Metals also must have no adequate appellate remedy.  AOnce time, labor, and money are spent
on improper production, there is no undoing them; wasteful costs may be
shifted, but never retrieved.@  Sears, 123
S.W.3d at 575.  We hold that by having to
produce overbroad discovery that is almost unlimited as to time, Reynolds
Metals has no adequate appellate remedy. 
See In re CSX Corp., 124 S.W.3d 149, 153 (Tex. 2003).  

IV.       Conclusion








We
conditionally grant mandamus relief and direct the trial court to vacate its
December 19, 2003 order compelling Reynolds Metals to answer Salias=s requests for production.  Tex.
R. App. P. 52.8(c).  The parties
have presented general arguments regarding the proper scope of discovery, but
have not specifically focused on each of the 136 requests for production.  We also will not address each of the 136
requests; instead, the trial court should review the requests individually and amend
its ruling in light of our opinion today. 
See Am. Optical, 988 S.W.2d at 713B14. 
The writ will issue only if the trial court fails to act promptly in
accord with this opinion.  This Court=s January 13, 2004 stay order remains
in effect until the trial court vacates the December 19, 2003 order.  

 

 

/s/        Wanda
Mckee Fowler

Justice

 

Petition Conditionally Granted and
Memorandum Opinion filed April 15, 2004.

Panel consists of Justices Yates,
Hudson, and Fowler.  

 











[1]In
fact, Salais=s counsel
informed the trial court that, AWe
are not asking for stuff back in the >60's
or today.@