**In re MERCK & CO., INC.**

No. 04–04–00389–CV.

Court of Appeals of Texas, San Antonio.

Sept. 15, 2004.

Richard L. Josephson, Jonathan B. Smith, Stephen G. Tipps, Travis J. Sales, Baker Botts, L.L.P., Houston, Theodore V.H. Mayer, Norman C. Kleinberg, Hughes Hubbard & Reed LLP, New York, NY, Baldemar Garza, Law Office of Baldemar Garza, Rio Grande City, for appellant.

Kevin H. Dubose, Alexander Dubose Jones & Townsend LLP, Houston, David H. Hockema, John L. Tippit, III, Joe Escobedo, Jr., Hockema, Tippit & Escobedo, L.L.P., Ronald G. Hole, Hole & Alvarez, L.L.P., McAllen, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, and PHYLIS J. SPEEDLIN, Justice.

## OPINION

PHYLIS J. SPEEDLIN, Justice.

This is an original mandamus proceeding. The relator, Merck & Co., Inc. ("Merck"), seeks relief from two discovery orders involving a prescription medication never used by the deceased plaintiff. We hold that the trial court abused its discretion because its discovery orders are not reasonably tailored to include only relevant matters. Therefore, we conditionally grant the writ of mandamus, and order the court to vacate the two orders signed May 20, 2004, requiring Merck to produce the designated documents without redactions and to produce corporate representatives for depositions.

## Factual and Procedural Background

The underlying lawsuit is a products liability case where plaintiffs allege that Leonel Garza, Sr., suffered a heart attack and died as a result of ingesting the prescription medication VIOXX, which is manufactured and distributed by Merck. Apparently, significant discovery has already occurred in the underlying case, and we commend all the parties on the professional and courteous manner in which they have handled the discovery requests and challenges. Because of the parties' agreements limiting the scope of the disputed discovery, the focus of this mandamus proceeding is narrowed to two orders signed by the trial court on May 20, 2004. Specifically, in response to discovery requests from the plaintiffs, Merck was ordered to produce unredacted copies of documents,[2] and to present a corporate representative for deposition,[3] relating to the alleged cardiovascular effects of ARCOXIA, a separate drug also manufactured by Merck.

Merck complains that the trial court's discovery orders are not reasonably tailored to include only relevant matters; therefore, it is entitled to mandamus relief. Specifically, Merck notes the deceased plaintiff never used the drug ARCOXIA, it is not marketed or sold in the United States, and it has a different patent and a different chemical structure than the drug at issue.

## Analysis

As a general rule, a trial court has discretion to define the scope of discovery allowed under our rules of civil procedure, tempered by the duty to impose reasonable limits on discovery requests. *In re American Optical Corp.,* 988 S.W.2d 711, 713 (Tex.1998). Reasonable discovery requests have been characterized as having a "reasonable expectation of obtaining information that will aid the dispute's resolution" and as " 'reasonably tailored' to include only relevant matters." *In re CSX Corp.,* 124 S.W.3d 149, 152 (Tex.2003). When a trial court's discovery order fails to narrowly tailor discovery to relevant matters, it is impermissibly overbroad. *In re Alford Chevrolet–Geo,* 997 S.W.2d 173, 180 n. 1 (Tex.1999). Such an overly broad discovery order may be successfully challenged by a petition for mandamus when there exists no adequate remedy by appeal. *In re CSX Corp.,* 124 S.W.3d at 153.

Plaintiffs argue that Merck has not shown the trial court clearly abused its discretion by allowing discovery pertaining to ARCOXIA. According to plaintiffs, VIOXX and ARCOXIA are both "COX–2 inhibitors," manufactured by the same company and tested together for the same cardiovascular side effect experienced by the deceased plaintiff. Therefore, the trial court's order compelling discovery related to ARCOXIA is entirely consistent with existing jurisprudence in products liability cases which permit discovery of substantially similar products. *See Jampole v. Touchy,* 673 S.W.2d 569 (Tex.1984), *overruled on other grounds by Walker v. Packer,* 827 S.W.2d 833 (Tex.1992).

We do not find the plaintiffs' argument persuasive. The rules of civil procedure initially demand that a request for discovery be "relevant to the subject matter of the pending action. . . ." *See* Tex.R. Civ. P. 192.3. Here, it is undisputed that the prescription medication VIOXX is the only

---

2. This order is entitled "Order on Plaintiffs' Motion for a Ruling on Merck & Co., Inc.'s Assertions of Privilege and for In Camera Inspection."

3. This order is entitled "Order Denying Defendant Merck & Co., Inc.'s Objections to Plaintiffs' Corporate Representative Deposition Notice."

drug used by the deceased plaintiff, and the only claimed defective product at issue in this suit. Moreover, Merck presented testimony by affidavit at the discovery hearing that "ARCOXIA is different from VIOXX in that it has a different molecular structure, is indicated for more conditions than VIOXX, is the subject of a different New Drug Application, and is a more highly selective COX–2 inhibitor than VIOXX." Finally, Merck established that ARCOXIA is not yet being sold in the United States. Therefore, it is difficult to envision how the totally unrelated prescription medication ARCOXIA would be relevant in this lawsuit. *See In re Alford Chevrolet–Geo*, 997 S.W.2d at 180 n. 1 (request was overly broad when it sought information on a product different from the allegedly defective product at issue); *see also In re American Optical Corp.*, 988 S.W.2d at 713 (requests in asbestos lawsuit were overly broad when not tied to *particular products* plaintiffs claimed to have used); *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex.1995) (information regarding defendant's knowledge of hazardous substance other than those to which the plaintiffs had been exposed was not relevant); *In re Sears Roebuck & Co.*, 123 S.W.3d 573, 578 (Tex.App.-Houston [14th Dist.] 2003, no pet.) (no benefit in conducting discovery of products to which plaintiff was never exposed).

■ We conclude that the trial court abused its discretion in ordering discovery on a pharmaceutical product that the deceased plaintiff never used, that has yet to be sold within the United States, and that has a different chemical structure and patent than the purportedly defective medication at issue. When a discovery order compels production of irrelevant documents or deposition testimony, there is no adequate remedy by appeal and mandamus is appropriate. *In re CSX Corp.*, 124

S.W.3d at 153. Accordingly, we conditionally grant the writ of mandamus and direct the trial court to vacate its two May 20, 2004, orders requiring production of unredacted documents and compelling deposition testimony about the drug ARCOXIA. The writ will issue only if the trial court fails to vacate the orders within ten days from the date of our opinion and order.