**In re AMERICAN OPTICAL CORPORATION,**
**Relator.**

No. 97–0872.

Supreme Court of Texas.

July 3, 1998.

John B. Wallace, Houston, Robert L. Redfearn, Jr., Thomas R. Blum, New Orleans, LA, for Relator.

Walter T. Weathers, Robert G. Taylor, II, Cletus P. Ernster, III, Robert G. Taylor, Houston, for Respondent.

PER CURIAM.

This is an original mandamus proceeding. In the underlying case, 140 plaintiffs seek damages for asbestos-related injuries, claiming among other things that relator manufactured and distributed defective respiratory protection products. In response to plaintiffs' document requests, the trial court ordered relator to produce virtually every document ever generated relating to its products, without tying the discovery to the particular products the plaintiffs claim to

have used. Because the order requires production well outside the bounds of proper discovery, we conditionally grant mandamus relief.

American Optical Corporation, one of the defendants below, manufactured and distributed a full line of respiratory protection equipment from 1940 until 1990. Plaintiffs, many of whom worked in shipyards, generally contend that they used American Optical's equipment, and that defects in those products contributed to their injuries.

In May 1996, plaintiffs served on American Optical a 76–page document request, containing 221 separately numbered requests. These requests ask for virtually every document which American Optical ever generated regarding its equipment. Some illustrative examples follow:

15. All photographs, reproductions, videotapes, motion picture films, color photographs or color copies of photographs for any of [your respiratory protection products] which lists contain any of the following information: manufacturers' name, brand name, type of product, ... the contents of the products, and name and address of a distributor of such products....

18. All documents that set forth the identity of the entities ... manufacturing, distributing, relabelling, supplying, selling, assembling, marketing or advertising [your respiratory protection products] which you sold or distributed....

19. All documents which describe the physical appearance of each of your [respiratory protection products] which you sold or distributed....

28. All documents which describe and all photographs, Xerox copies, color photographs, videotapes, or motion picture films, or color copies of photographs which show the physical appearance of the usual container (i.e.bags, boxes, sacks, etc.) of [your respiratory protection products]. This request includes not only your products, but all such documents in your possession or control.

29. All documents which set forth the wording of and all photographs which show any label or writing on any container of [your respiratory protection products].

This request includes not only your products, but all such documents in your possession or control.

33. All documents which would identify the name of each of [your respiratory protection products] which you relabelled after it was relabelled....

36. All photographs, color copies of photographs, video tapes, films, advertisements, product catalogues, manuals or other documents which show, illustrate, describe, refer to the contracts, refer to the uses, refer to the instructions for use, depict the containers or bags, contain warnings or cautions, refer to qualities, characteristics, capabilities, capacities and virtues of any of [your respiratory protection products] which were ... manufactured, distributed, rented, sold, relabelled, assembled, marketed, or advertised by the Defendant or any entity in which Defendant had or has any ownership interest....

108. True, correct and authentic copies of samples of all literature, sales brochures, or any other documents used in any way to advertise, or promote ... products used for respiratory protection whether written, photographic, video or electronically recorded, or reproduced or otherwise.

American Optical timely objected, contending that the document requests were overbroad because they were not tied to particular products which plaintiffs allegedly used or to the time periods of such use. At the subsequent discovery hearing, the court, with plaintiffs' agreement, modified some of the 221 separate requests. Regarding one part of request 18, for example, where plaintiffs asked for all documents setting forth the identity of distributors, plaintiffs agreed to limit the request to distributors operating in those states where plaintiffs worked. Also, plaintiffs agreed that American Optical could respond to request 18 with a list of entities, rather than producing all documents relating to those entities. The trial court, however, did not significantly limit the other examples quoted above, other than by saying that American Optical need only conduct "reasonable" searches to respond to the expansive

requests. Subject to the modifications, the trial court ordered American Optical to produce the requested documents.

American Optical seeks mandamus review. The court of appeals, after initially granting leave to file and hearing oral argument, withdrew leave to file as improvidently granted and denied relief, with one justice dissenting. We have stayed production of the documents.

■■■ This Court has repeatedly emphasized that discovery may not be used as a fishing expedition. *See K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex.1996); *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex.1995); *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex.1995). Rather, requests must be reasonably tailored to include only matters relevant to the case. *See Texaco*, 898 S.W.2d at 815. For example, in *General Motors Corporation v. Lawrence*, 651 S.W.2d 732, 734 (Tex.1983), a case alleging the defective design of the fuel filler neck of a particular model truck, we held that requests for fuel filler necks in every vehicle ever manufactured by General Motors were too broad. Similarly, in *Dillard*, a case involving false arrest, we held that a document request from the department store chain for every claims file or incident report over a five-year period involving false arrest, civil rights violations, or excessive use of force was too broad. 909 S.W.2d at 492. *See also Texaco*, 898 S.W.2d at 814–15 (in case alleging exposure to toxic chemicals, request for all documents written by defendant's safety director concerning "safety, toxicology, and industrial hygiene, epidemiology, fire protection and training" was too broad); *K Mart*, 937 S.W.2d at 431 (in case involving abduction from defendant's parking lot, request for a description of all criminal conduct occurring at that location during preceding seven years was too broad). An order compelling discovery that is well outside the proper bounds is reviewable by mandamus. *See K Mart*, 937 S.W.2d at 431–32.

■■■ Plaintiffs argue that they must be afforded latitude in a mass toxic-tort case such as this involving numerous plaintiffs and defendants. For example, until discovery takes place, individual plaintiffs may be uncertain about precisely what products they used at a particular shipyard at a particular time. We recognize these problems. This is why trial courts are vested with discretion over the course of discovery. *See Dillard*, 909 S.W.2d at 492 ("The scope of discovery is largely within the discretion of the trial court."). A reasonably tailored discovery request is not overbroad merely because it may include some information of doubtful relevance, and we have specifically recognized that "[p]arties must have some latitude in fashioning proper discovery requests." *Texaco*, 898 S.W.2d at 815.

This latitude is not unlimited, however. The trial court must make an effort to impose reasonable discovery limits. For example, the record reflects that plaintiffs have access to pictures of American Optical's products that may allow them to identify the respirators they used. Also, plaintiffs presumably can identify the facility at which each plaintiff worked and the time-frame of that employment. Notably, American Optical contends that 100 of the 140 plaintiffs worked at one of two facilities, the Todd Shipyard in Galveston and the Ingalls Shipyard in Pascagoula, Mississippi, and that American Optical sold a very limited number of products to those facilities. Preliminary investigation of these background facts could significantly limit the scope of the document production. While the trial court has discretion in fashioning discovery, simply ordering a defendant to produce virtually all documents regarding its products for a fifty-year period is an abuse of that discretion. Plaintiffs' document requests constitute the type of fishing expedition prohibited under *K Mart, Dillard*, and *Texaco*. The requests are not tied to particular products the plaintiffs claim to have used, and are not limited to time periods such use may have occurred.

American Optical contends that, due to the overbreadth, plaintiffs' entire request for production should be struck. Alternatively, American Optical cites 125 specific requests which it contends are overbroad. The parties have presented general arguments regarding the proper scope of discovery, but have not specifically focused on each of these requests. Under these circumstances, rather than this Court attempting to set the precise

bounds of discovery in the first instance, we believe the trial court should have an opportunity to reconsider its ruling in light of our opinion today.

American Optical also complains about numerous requests seeking documents relating to silica injuries or prior silica cases. American Optical argues that because the plaintiffs in this case allege only asbestos-related injuries, any documents relating to silica are not relevant. The record reflects, however, that American Optical did not raise this specific objection in the trial court, either in its written objections or during the trial court hearing. Because this argument was not presented to the trial court, we do not consider it here.

For the foregoing reasons, without hearing oral argument, we conditionally grant mandamus relief compelling the trial court to vacate its November 12, 1996, order compelling production of documents by American Optical. *See* Tex.R.App. P. 59.1. The trial court should reconsider plaintiffs' motion to compel in light of this opinion.