NO. 07-01-0283-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 20, 2001

_____

IN RE ENERGAS COMPANY, RELATOR

_____

**CONCURRING OPINION**

Before BOYD, C.J., and QUINN and REAVIS, JJ.

I concur in the opinion and judgment of the majority but write separately to clarify my position regarding the absence of adequate legal remedy. That is, to win mandamus, the applicant must generally prove that 1) the trial court clearly abused its discretion and 2) the applicant lacks an adequate legal remedy. *Walker v. Packer*, 827 S.W.2d 833, 837(Tex. 1992). Here, we found that the trial court abused its discretion in permitting discovery with regard to request for production No. 24. This was so because the time period encompassed by the request was unrestricted. Having found that Energas Company satisfied the first prong of *Packer*, we normally would be required to consider the second prong, *i.e.* the lack of adequate legal remedy. However, the Supreme Court in *In*

*re American Optical Corp.*, 988 S.W.2d 711 (Tex. 1998) granted mandamus under factual circumstances similar to those before us without first considering whether the applicant had an adequate legal remedy. Instead, it merely concluded that the trial court abused its discretion because the requests there at issue were not tied to any particular products or time periods. *Id.* at 713. Then, it deigned to conditionally grant a writ of mandamus. *Id.* at 714. Granting the writ simply after finding an abuse of discretion implies that one need not satisfy the second prong of *Packer* in circumstances like those before us. And, though I question the policy behind relieving one from satisfying both aspects of *Packer*, we are nonetheless bound to follow the Supreme Court's lead, as evinced in *In re American Optical*. So, that is why I concur in the majority's opinion.


Brian Quinn
Justice

Publish.

2