In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-376 CV


____________________



IN RE NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,


PENNSYLVANIA, THE INSURANCE COMPANY OF THE 


STATE OF PENNSYLVANIA, AMERICAN HOME ASSURANCE COMPANY,


AIG RISK MANAGEMENT, INC., AND


AMERICAN INTERNATIONAL GROUP, INC. 








Original Proceeding






MEMORANDUM OPINION (1)


 The relators, National Union Fire Insurance Company of Pittsburgh, Pennsylvania,
The Insurance Company of the State of Pennsylvania, American Home Assurance
Company, AIG Risk Management, Inc., and American International Group, Inc.,
challenge four rulings of the trial court in a petition for writ of mandamus. This opinion
decides three of the rulings were within the trial court's discretion. We order the parties
to brief the fourth issue. 

 First, the relators complain of the trial court's decision to try a group of seven
plaintiffs on August 18, 2003. On August 15, 2003, the trial court reduced to two the
number of plaintiffs to be grouped in the trial that will commence August 18, 2003. We
hold that the trial court did not abuse its discretion in this matter. See In re Ethyl Corp.,
975 S.W.2d 606 (Tex.1998). Therefore, we deny the petition for writ of mandamus to
compel the trial court to conduct separate trials. 

 Second, the relators complain of the trial court's refusal to abate the entire case until
the final resolution of the appeal of the judgment obtained by two of the plaintiffs in this
litigation. We hold that the trial court did not abuse its discretion in this matter. See
Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 247-48 (Tex.1988). Therefore, we deny
the petition for writ of mandamus to compel the trial court to abate this trial and any other
trials currently scheduled in this case.

 Third, the relators complain of the trial court's order that they produce documents
from their legal files from 1979 through 1981 discussing the propriety or legality of any
insurance program or financing agreement, on the grounds that the ordered production is
overly broad as a matter of law, irrelevant, and imposes an undue burden and unnecessary
burden on the relators. We hold that the trial court did not abuse its discretion in this
matter. See In re American Optical Corp., 988 S.W.2d 711, 713 (Tex. 1998). Therefore,
we deny the petition for writ of mandamus to compel the trial court to vacate its order that
the relators produce the subject documents.

 Finally, the relators complain of the trial court's order that they produce a
document, previously submitted to the trial court in camera, on the grounds that the
document meets the crime-fraud exception to attorney client privilege. See Tex. R. Evid.
503(d)(1). We direct the parties to brief the crime-fraud exception issue as instructed in
the stay order issued today. To the extent that the relators challenge the trial court's order
to produce documents pursuant to the crime-fraud exception to attorney client privilege that
portion of the petition has been docketed in this Court as No. 09-03-379 CV. That portion
of the petition remains pending in this Court; otherwise the remaining portion of the
petition for writ of mandamus, filed August 14, 2003, is DENIED. 

 PER CURIAM


Opinion Delivered August 15, 2003

Before McKeithen, C.J., Burgess and Hill (2), JJ.
1. Tex. R. App. P. 47.4.
2. The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code
Ann. § 74.003(b) (Vernon 1998).