Petition for Writ of Mandamus Denied and
Memorandum Opinion filed March 29, 2011.

 

 

In
The

Fourteenth
Court of Appeals



NO. 14-11-00174-CV



 

In Re Wilma Reynolds,
Relator



 



ORIGINAL PROCEEDING



WRIT OF MANDAMUS

300th District
Court

Brazoria County,
Texas

Trial Court Cause No.
48170



MEMORANDUM
 OPINION

On March 2, 2011, relator Wilma Reynolds filed a
petition for writ of mandamus in this court.  See Tex. Gov’t Code Ann.
§22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the petition,
relator asks this court to compel the Honorable Randall Hufstetler, presiding
judge of the 300th District Court of Brazoria County to vacate his discovery
orders.

Background

On November 9, 2009, relator filed a request for
modification of the terms of conservatorship and of possession of and access to
her children in cause number 48170 in the 300th District Court in Brazoria
County.  On May 12, 2010, real party in interest David Reynolds filed a motion
for partial no-evidence summary judgment alleging adequate time for discovery
had elapsed and relator produced no evidence to demonstrate her request for
changes in conservatorship or changes in possession and access.  On July 7, 2010,
the trial court granted a partial summary judgment.

On December 28, 2010, the associate judge for the
300th District Court, Judge James Robertson, held a hearing on two motions to
quash and for protection filed by real party.  Relator served subpoenas on Bank
of America and Morgan Stanley seeking real party’s financial records.  Real
party sought an order quashing the subpoenas and protecting him from disclosure
of his financial records.  At the hearing, real party’s attorney represented
that he had produced his income information in terms of his work statements and
income tax returns.  At the conclusion of the hearing, Associate Judge
Robertson granted the motions for protection.  

On February 3, 2011, the respondent held a hearing on
relator’s motion for continuance, motion to compel real party to prepare a
financial statement, motion to compel production of documents from Quantlab
Trading Partners and Quantlab Incentive Partners (Quantlab), motion for new
trial, and motion for the judge to confer with the children.  The court also
heard real party’s motion for Rule 13 sanctions.  See Tex. R. Civ. P.
13.  

Relator filed this petition for writ of mandamus
complaining of the court’s rulings on her (1) motions to compel financial
records, (2) motions to compel discovery from Quantlab, (3) motion for new
trial, and (4) motion for the judge to confer with the children.  She further
complains of the trial court’s sanctions order.

Mandamus
Standard

A party is entitled to mandamus relief if a trial
court violates a legal duty or abuses its discretion, and the party has no
adequate remedy at law.  In re Prudential Ins. Co. of Am., 148 S.W.3d
124, 135–36 (Tex. 2004).  A trial court abuses its discretion if “it reaches a
decision so arbitrary and unreasonable as to amount to a clear and prejudicial
error of law.”  Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).  With
respect to factual issues, matters are committed to the trial court’s
discretion and the reviewing court may not substitute its judgment for that of
the trial court.  Id.  To obtain relief, relator must establish that the
trial court reasonably could have reached only one decision.  Id. at
840.  An order compelling discovery that exceeds the proper bounds is subject
to mandamus review.  In re Am. Optical Corp., 988 S.W.2d 711, 714 (Tex. 1998).

Motions for Financial Records from Bank of America,
Morgan Stanley, Quantlab Trading Partners, and Quantlab Incentive Partners

Relator claims she is entitled to the documents
requested from Bank of America, Morgan Stanley, and Quantlab Partners because the
records are relevant to real party’s financial resources and his ability to
support the children.  Despite the fact that the children live with the real
party, relator filed a claim for child support.  Section 154.063 of the Family
Code requires a party to furnish information sufficient to accurately
identify that party’s net resources and ability to pay child support, and
produce copies of income tax returns for the past two years, a financial
statement, and current pay stubs.  Tex. Fam. Code Ann. § 154.063.  The court
determined that realtor was entitled to Financial Information Statement, which
would include those items required by section 154.063 of the Family Code, i.e.,
two years’ tax returns, a financial statement, and current pay stubs.  The
court noted that real party had produced all documents required by the Family
Code.  The trial court did not abuse its discretion in denying discovery from
the financial institutions that are not parties to the modification suit.

Motion for New Trial
and Motion for Judge to Confer with Children

Relator filed a motion for new trial seeking
reconsideration of the court’s partial summary judgment order of July 7, 2010. 
In connection with her motion for new trial, relator filed a motion for the
judge to confer with the children.  The court determined that the motion for
new trial was premature because there was no final judgment.  The court agreed to
consider both motions once a final judgment was entered.  The trial court did
not abuse its discretion in deferring consideration of relator’s motions.

Sanctions Order

Finally, relator complains of the trial court’s order
of sanctions against her for bringing frivolous motions.  The trial court found
that each of relator’s motions to compel discovery were frivolous.  Despite the
fact that the motion for new trial and motion to confer with the children were
timely filed, they were premature and, in the opinion of the court, “a waste of
this Court’s time, the attorneys’ times, and the parties’ resources.”  The
court ordered $10,000 in sanctions to be paid by 5:00 the next day.  Relator
did not represent to the court that payment of the sanctions would threaten her
ability to proceed with the underlying action, nor did she request that payment
of the monetary sanctions be postponed until final judgment.

In her petition for writ of mandamus, relator alleges
that the monetary sanctions threaten her ability to proceed with the underlying
action.  This court recently determined that in order to be entitled to
mandamus relief for monetary sanctions, a relator is required to advise the
trial court that the monetary sanctions would preclude continuation of the
litigation.  In re Le, 14-11-00132-CV; 14-11-00156-CV; 2011 WL 727573
(Tex. App.—Houston [14th Dist.] March 3, 2011, orig. proceeding).  Relator did
not advise the trial court that the monetary sanctions would prevent her from
continuing the underlying litigation.  Further, she did not ask the trial court
to set aside the sanctions order, or postpone payment of the sanctions, nor did
she request emergency relief from this court.

Relator has not established entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Seymore, and McCally.