In re: **CHINN EXPLORATION COMPANY, Relator.**

No. 12–10–00306–CV.

Court of Appeals of Texas, Tyler.

Aug. 31, 2011.

G.R. (Randy) Akin, Longview, TX, Dean A. Searle and Michael Thomas Runyan, Marshall, TX, L. Charles Van Cleef, for Relator.

David Scott Brabham, Longview, TX, pro se.

F. Alfonso Charles, pro se.

Vance P. Freeman, Dallas, TX, and Matthew S. Wolcott, Longview, TX, for Real Party in Interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

■ In this original proceeding, Relator, Chinn Exploration Company, seeks a writ of mandamus requiring the trial court to vacate its order granting Plaintiffs' Motion to Compel Accounting Documents and Bank Statements and its order setting a date by which Chinn Exploration must produce the compelled documents.[1] For the reasons set forth below, we deny Chinn Exploration's petition.

### BACKGROUND

Annie Dickey Taylor and Armanda Roberson (Plaintiffs) filed suit against Chinn Exploration for fraudulently obtaining a receivership oil and gas lease covering mineral interests Plaintiffs claim to own in 38.5 acres of land located in Gregg County, Texas. Plaintiffs alleged Chinn Exploration drilled the Wood "H" No. 9 Well (No.

9 Well) and had been producing Plaintiffs' minerals from it since January 2005. Plaintiffs claimed that Chinn Exploration had converted proceeds from the sale of these minerals that either should have been paid to Plaintiffs or held in a suspense fund for Plaintiffs. In addition to their conversion claim against Chinn Exploration, Plaintiffs pleaded for an accounting of the proceeds received by Chinn Exploration from the No. 9 Well.

Plaintiffs filed a request for production that included the following three requests:

*Request No. 103:* Produce any accounting records related to the Subject Well.

*Request No. 113:* Produce all documents concerning royalty payments on production from the Subject Well.

*Request No. 114:* Produce all documents concerning royalty payments being held in suspense on production from the Subject Well.

Chinn Exploration objected to these requests as being overbroad.[2]

On March 26, 2010, Plaintiffs took the deposition of Kathy Boyce, an accounting employee for Chinn Exploration. Boyce testified that for the more than two hundred wells that Chinn Exploration operates, it maintains only three bank accounts: a revenue account, a distribution account, and an operating account. She testified that most of their pipeline companies deposit directly into the revenue account, but that some deposit directly into

---

1. Chinn Exploration names two respondents in its petition: the Honorable Alfonso Charles, Judge of the 124th Judicial District Court, Gregg County, Texas, and the Honorable David Brabham, Judge of the 188th Judicial District Court, Gregg County. Although Judge Brabham signed the order setting the date for production of the compelled documents, Judge Charles is the elected judge of the 124th Judicial District Court. Conse-

quently, he is the proper respondent in this proceeding. *See Hoggard v. Snodgrass,* 770 S.W.2d 577, 588 (Tex.App.-Dallas 1989, orig. proceeding).

2. Initially, Chinn Exploration objected to Request No. 103 on a different ground, but later supplemented its response to object that Request No. 103 was overbroad and duplicative.

the distribution account. When Chinn Exploration pays its royalty and working interest owners, it transfers funds from the revenue account into the distribution account. To cover monthly operating expenses, funds are transferred from the revenue account into the operating account.

Boyce also stated that Chinn Exploration does not keep a separate account for funds being held in suspense. The suspensed funds therefore remain commingled with the proceeds from the sale of natural gas from the more than two hundred wells in over twenty units that Chinn Exploration operates. Chinn Exploration keeps track of the suspense register by general ledger using commercial accounting software called "Roughneck." Boyce testified that the bank account information was readily available and the suspense information could easily be obtained by generating reports on the Roughneck software.

On March 30, 2010, Plaintiffs sent a letter to counsel for Chinn Exploration, which in part requested the following:

4. A report indicating the amount in suspense for Wood Gas Unit and the Wood No. 9 Well;

5. A report indicating the amount in suspense from all of Chinn's Gas Units;

6. A report indicating the balances kept in the Wells Fargo Revenue Account (the suspense account); and

7. A report indicating the balances held in the Wells Fargo Distribution Account.

After Chinn Exploration failed to produce these items, Plaintiffs' Motion to Compel Accounting Documents and Bank Statements was filed on April 12. In their motion to compel, Plaintiffs specifically requested the items mentioned in requests for production 103, 113, and 114 above and items 4 through 7 requested in the March 30 letter to counsel for Chinn Exploration. Chinn Exploration filed a written response to Plaintiffs' motion. The trial court held a hearing on the motion to compel on April 30, and on July 30, 2010, signed an order overruling Chinn Exploration's objections to the requested discovery and stating in relevant portion as follows:

2) Chinn Exploration shall produce all documents responsive to Plaintiffs' Requests for Production Nos. 103, 113, and 114, including, without limitation:

- Monthly reports indicating the amount in suspense for the Wood Gas Unit and the Wood No. 9 well from January 2005 to present;

- Monthly reports indicating the amount in suspense from all of Chinn Exploration's gas units from January 2005 to present;

- Monthly bank statements for the Wells Fargo Revenue Account (the suspense account) from January 2005 to present; and

- Monthly bank statements for the Distribution Account from January 2005 to present.

The language in the trial court's order describing the four items to be produced was identical to the language describing these items in Plaintiffs' motion to compel. However, the order did not include a deadline by which Chinn Exploration was required to produce the documents. When Chinn Exploration did not produce the requested documents, Plaintiffs requested a discovery status conference to set a date certain by which Chinn Exploration must comply with the trial court's order. After conducting the requested status conference, the trial court signed an order requiring production of the documents by September 13, 2010.

Chinn Exploration timely filed a petition for writ of mandamus, along with a motion for temporary relief. This court granted the motion for temporary relief and issued a stay of the trial court proceedings pending further order of this court.

### AVAILABILITY OF MANDAMUS

■ Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex.1998) (orig. proceeding). A clear abuse of discretion occurs when an action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex.2003) (orig. proceeding).

■ A discovery order mandating the disclosure of irrelevant documents does not normally satisfy the standard for mandamus relief. *Tilton v. Marshall*, 925 S.W.2d 672, 682–83 (Tex.1996) (orig. proceeding). However, a party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error. *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex.1992) (orig. proceeding). This may occur where a discovery order compels the production of patently irrelevant or duplicative documents, such that it clearly constitutes harassment or imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party. *Id.; see also Colonial Pipeline*, 968 S.W.2d at 941.

■ The burden of establishing an abuse of discretion and the inadequacy of appeal as a remedy is on the party resisting discovery. *CSX*, 124 S.W.3d at 151. This burden is a heavy one. *Id.*

### APPLICABLE LAW

■ A party may "obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." TEX.R. CIV. P. 192.3(a); *In re Nolle*, 265 S.W.3d 487, 491 (Tex.App.-Houston [1st Dist.] 2008, orig. proceeding). A party may also obtain discovery of any unprivileged matter that may be inadmissible at trial but "appears reasonably calculated to lead to the discovery of admissible evidence." TEX.R. CIV. P. 192.3(a). The scope of discovery is also limited by the legitimate interest of the opposing party to avoid overly broad requests, harassment, or disclosure of privileged information. *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex.1990) (orig. proceeding). A central consideration in determining overbreadth is whether the request could have been more narrowly tailored to avoid including tenuous information and still obtain the necessary pertinent information. *CSX Corp.*, 124 S.W.3d at 153. A reasonably tailored discovery request is not overbroad merely because it may include some information of doubtful relevance. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex.1998) (orig. proceeding).

■ Discovery rules are to be accorded a broad and liberal treatment. *Hill & Griffith Co. v. Bryant*, 139 S.W.3d 688, 695 (Tex.App.-Tyler 2004, pet. denied) (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947)). Discovery requests are liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial. *Id.* A trial court has broad discretion to define the scope of discovery. *In re Alford Chevrolet–Geo*, 997 S.W.2d 173, 181 (Tex.1999) (orig. proceeding).

## ABUSE OF DISCRETION

■ Chinn Exploration contends that the Order Granting Plaintiffs' Motion to Compel Accounting Documents and Bank Statements and the order setting the date for production required production of documents that were beyond the scope of permissible discovery. Plaintiffs respond that what they requested was necessary to prove their conversion claim and the resultant damages.

■ To establish a claim for conversion of personal property, a plaintiff must prove that (1) the plaintiff owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property.[3] *Khorshid, Inc. v. Christian,* 257 S.W.3d 748, 759 (Tex.App.-Dallas 2008, no pet.). Because Plaintiffs alleged that Chinn Exploration had converted royalties attributable to Plaintiffs' claimed mineral interests, they were entitled to discover the financial records necessary to establish their claim. Chinn Exploration counters that Plaintiffs' requests for production and correspondingly the trial court's orders, are overly broad and seek irrelevant information.

In its requests for production 103, 113, and 114, Plaintiffs limited the focus of its discovery to the No. 9 Well. During Boyce's deposition, however, they learned that Chinn Exploration does not maintain its accounting information on a well-by-well basis. Instead, it commingles the revenue from all of its wells in a single account and then transfers funds to another single account for disbursement. Suspense funds are tracked through a general ledger that is maintained on Roughneck. Accordingly, for Plaintiffs to obtain the information they need for the No. 9 Well, Chinn Exploration must produce the suspense records maintained on the Roughneck software and the statements for the bank accounts into which the suspensed funds were received and then distributed.

As part of their conversion claim, Plaintiffs must show that Chinn Exploration, unlawfully and without authorization, assumed dominion and control over the royalties attributable to Plaintiffs' claimed interests to the exclusion of, or inconsistent with, Plaintiffs' rights as owners. *See Khorshid, Inc.,* 257 S.W.3d at 759. Ultimately, Plaintiffs are entitled to know what happened to their funds and whether any of the funds remain in Chinn Exploration's possession. *See Eaton v. Husted,* 141 Tex. 349, 172 S.W.2d 493, 497–98 (1943). It is through the Roughneck software and Chinn Exploration bank accounts that Plaintiffs can determine what funds were received that were attributable to their interests, and whether any portion of the funds remains in Chinn Exploration's possession.

Although Chinn Exploration has strenuously objected to the production of these records, its own accounting and financial procedures created Plaintiffs' need for the records to establish their conversion claim and possible damages. And Chinn Exploration has not suggested any other means by which Plaintiffs can accurately determine what happened to the proceeds at-

---

**3.** The elements of "demand" and "refusal" are particularly important when the conversion claim arises from a bailment relationship. *Paschal v. Great W. Drilling, Ltd.,* 215 S.W.3d 437, 457 (Tex.App.-Eastland 2006, pet. denied). These elements are not required if other evidence establishes an act of conversion. *Id.* (citing *Presley v. Cooper,* 155 Tex. 168, 284 S.W.2d 138, 141 (1955)).

tributable to their claimed mineral interests.[4]

Because the documents requested by Plaintiffs will provide the means for determining what happened to the proceeds attributable to their claimed interests, the documents are relevant to their conversion claim. Therefore, we cannot agree with Chinn Exploration that, under the facts before us, the compelled documents are overbroad and therefore exceed the limits of permissible discovery. Accordingly, we hold that Chinn Exploration has failed to meet its heavy burden to establish that the trial court abused its discretion in signing its Order Granting Plaintiffs' Motion to Compel Accounting Documents and Bank Statements and its order setting the date by which the documents must be produced.[5]

## CONCLUSION

Chinn Exploration has not shown that the trial court abused its discretion, either in considering Plaintiffs' March 30 letter to Chinn Exploration's counsel to be part of Plaintiffs' Motion to Compel Accounting Documents and Bank Statements, or in signing the orders compelling production and setting a deadline for compliance. Because Chinn Exploration has not shown an abuse of discretion, we need not address whether it has an adequate remedy by appeal. Chinn Exploration's petition for writ of mandamus is *denied.* The stay imposed by this court's September 13, 2010 order granting Chinn Exploration's Motion for Temporary Relief and Emergency Stay is *dissolved.*

4. In the trial court, Chinn Exploration argued that Plaintiffs were not entitled to the compelled documents, contending in part that (1) Plaintiffs have not shown they are the owners of the interests they claim, (2) Plaintiffs have been provided with all documents necessary to calculate their damages in the event they prevail on any of their claims, (3) the applicable statute of limitations bars discovery of documents relating to transactions occurring more than two years before Plaintiffs filed their suit, and (4) Chinn Exploration has admitted that it did not suspense any funds for the benefit of Plaintiffs. The trial court rejected these contentions. Although Chinn Exploration repeats those same contentions here, it has neither developed its arguments nor cited supporting authority. Therefore, we do not address them. *See* TEX.R.APP. P. 52.3(h).

5. Chinn Exploration also contends that the March 30 letter requesting accounting documents and bank statements referred to during Boyce's March 26 deposition was not properly before the court when it entered its order granting Plaintiffs' Motion to Compel Accounting Documents and Bank Statements. Because we do not rely on the March 30 letter for our disposition in this proceeding, we need not address this argument. *See* TEX R.APP. P. 47.1.