In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00381-CV
_____

IN RE MICHAEL POSTEL

Original Proceeding

**MEMORANDUM OPINION**

Michael Postel seeks mandamus relief from the trial court's order compelling Relator to respond to discovery requests in a suit for divorce. Relator complains generally the parties' premarital agreement makes the discovery at issue irrelevant and the discovery requests are overbroad. Relator has not, however, provided "a clear and concise argument for the contentions made, with appropriate citations to authorities" as is mandated by Rule 52.3. *See* Tex. R. App. P. 52.3(h). Nevertheless, after reviewing the mandamus record, which includes the discovery requests and objections, the reporter's record of the trial court's hearing, the parties' pleadings, and the premarital agreement, we conclude that with the

1

exception of a ruling on one request for production, Relator has not shown an abuse of discretion by the trial court. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). After reviewing the mandamus record, we conclude that a request for production of documents relating to business entities was impermissibly overbroad and the trial court abused its discretion when it failed to narrowly tailor the request.

Requests for production "must be reasonably tailored to include only matters relevant to the case." *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding). "Although the scope of discovery is broad, requests must show a reasonable expectation of obtaining information that will aid the dispute's resolution." *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding).

Request for Production Number Four requires Relator to produce the following:

> Any and all documents relating to all non-publicly traded business holdings, partnerships, sole proprietorships, trusts, corporations, joint ventures or other business organizations of whatever kind in which Michael Postel and/or Theresa Postel have any ownership interest in any State, including Texas, any other state[] in [the] United States, or any other country, from January 1, 1997 to the date of production, including without limitation the following:

The request lists twenty-four different categories of documents, including financial statements, payroll records, records of indebtedness, income tax returns, accounts

2

receivable, leases, equipment, inventory, articles of incorporation, employment agreements, contingent assets, equipment charged off to operations, life insurance schedules, employee benefit plans, contracts, lists of stock holders, owner compensation schedules, options, business plans, receipts for bartered goods, marketing literature, organizational charts, property tax assessments, and filings with regulatory agencies.[1]

In addition to seeking to set aside the premarital agreement, the divorce petition filed by the real party in interest, Theresa Postel, requests reimbursement of her separate estate from Relator's separate estate. The parties' premarital agreement provides for partition and exchange of property acquired during the marriage, for jointly owned property, for reimbursement and for division upon divorce of businesses that primarily perform construction work. Some of the records relating to Relator's business entities would be "reasonably calculated to lead to the discovery of admissible evidence." *See* Tex. R. Civ. P. 192.3(a). However, the request is worded to seek production of every document for every non-publicly traded company in which either party possessed any ownership

---

[1] In its oral pronouncement at the hearing on the motion to compel, the trial court limited production of documents responsive to Request for Production Number Four to five years prior to the date of its order. However, from the hand-written order signed by the trial court, it is not clear if the trial court's intent was accurately memorialized in the written provisions.

interest, without regard to whether the business is one for which Theresa asserts an ownership or reimbursement claim, or whether each document sought will aid in the resolution of disputed issues. Such a request is facially overbroad. *See Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995).

We conditionally grant the petition as to Request for Production Number 4. We are confident the trial court will vacate that part of its order that compels Relator to respond to Request for Production Number 4 and will either sustain the objection to the request or will narrowly tailor the request. The writ shall issue only if the trial court fails to act promptly in accord with this opinion. All other requested mandamus relief is denied. We dissolve our stay order of August 20, 2013. The motion for sanctions is denied.

PETITION DENIED IN PART; CONDITIONALLY GRANTED IN PART.

PER CURIAM

Submitted on August 30, 2013
Opinion Delivered September 26, 2013

Before Gaultney, Kreger, and Horton, JJ.

4