**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00156-CV**

_____

**IN RE MOUNTAIN VALLEY INDEMNITY COMPANY
AND PROSTAR ADJUSTING**

**Original Proceeding
60th District Court of Jefferson County, Texas
Trial Cause No. B-204896**

**MEMORANDUM OPINION**

In a petition for mandamus, Mountain Valley Indemnity Company and Prostar Adjusting contend the trial court abused its discretion by granting James Stutts' motions resisting their discovery. The discovery the Relators complain about in this proceeding consists of the request for production they served on Stutts and five subpoenas, accompanied by duces tecums, who they served on witnesses that they argue know about facts relevant to the arguments they intend to present in the case.[1]

---

[1] *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. We note the discovery that the Relators served on Stutts consisted of more than just two separate requests to produce. The record reveals the discovery the Relators served

For the reasons explained below, we conclude the arguments Relators present to support their petition fail to show the trial court abused its discretion by granting Stutts' motions opposing the discovery at issue here. As a result, we deny their petition for relief.

Background

In December 2017, a pipe burst in the attic of James Stutts' home. Water that escaped from the pipe damaged Stutts' home as well as some of its contents. Stutts was not home when the pipe burst, but his mother called him and told him there was water in his house after she saw it while picking up his mail. Stutts' mother contacted a family friend, who went to Stutts' house and shut the water off by closing the main valve. That same day, Stutts reported the claim to Mountain Valley.[2]

Mountain Valley hired Prostar to investigate Stutts' claim. For the next two years, Stutts and Mountain Valley never agreed to the reasonable value of the damages caused by the water that damaged Stutts' home. In December 2019, Stutts demanded that Mountain Valley participate in the appraisal process that was

on Stutts included interrogatories and requests for admission too. But in this proceeding, the Relators have phrased their complaint more narrowly as they focus their complaint on their "subpoenas and requests for production [of] documents seeking information about the damages and repairs to plaintiff's property[.]"

[2] According to Stutts' Second Amended Petition, his live pleading, water damaged his home when water escaped from a broken pipe in his attic in December 2017. In his petition, Stutts alleged he "promptly reported the loss and submitted a claim to Mountain Valley."

required by the policy Mountain Valley issued on his home.[3] That same day, Stutts

asked the 60th District Court, by motion, to appoint an umpire based on the policy's

appraisal provisions. In March 2020, after conducting the appraisal, the umpire

issued a ruling appraising the losses Stutts incurred to his dwelling and its contents

at $225,302.[4] The umpire's award makes clear that the award does not account for

any deductibles that apply to the loss or any credits for the advances Mountain

Valley made against the obligations it has under its policy. The award also clarifies

---

[3] Appraisal is a dispute resolution process that allows parties to insurance policies to resolve differences about the reasonable value for an insured's loss, but the process does not generally resolve if the policy covers the loss. The appraisal provision in Stutts' policy provides:

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the 'residence premises' is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss. Each party will:
>
> 1. Pay its own appraiser; and
>
> 2. Bear the other expenses of the appraisal and the umpire equally.

[4] We have rounded all numbers mentioned in the opinion to the nearest whole number.

3

that the award did not decide whether the policy covered the appraised loss. In other words, the appraisal award decided only the gross value of Stutts' losses based on the information the parties submitted during the appraisal process.

In April 2020, Mountain Valley and Prostar served Stutts with interrogatories, requests to produce, and requests for admission. Soon after, Mountain Valley and Prostar notified the parties that they intended to take depositions, by written questions of several nonparties, through subpoenas with requests to produce. In their petition for mandamus relief, Mountain Valley and Prostar argue the witnesses they seek to depose have "knowledge of the repairs, damages, delays, and renovations" performed on Stutts' home.

Stutts moved to quash the deposition notices and asked the trial court to excuse him from responding to "written discovery seeking information concerning and related to the valuation of" any losses valued in the appraisal process. According to Stutts' motions, Mountain Valley never disputed that its policy covered the losses he suffered when the water escaped from the pipe and damaged his home. He also argued that, given the appraisal provision in Mountain Valley's policy and the fact the parties had completed an appraisal through that process, they could no longer dispute the value set by the appraiser because under the policy, the parties agreed they would use the appraisal process to "set the amount of loss."

4

In their response, Mountain Valley and Prostar argued that there are "substantial coverage issues" at issue in the case and the discovery was relevant to the affirmative defenses they planned to advance in a "forthcoming motion to set aside the appraisal award due to fraud, mistake, or accident."

In May 2020, the trial court ordered the discovery quashed and signed a protective order. The protective order prevents Mountain Valley and Prostar from pursuing any more written discovery that

> pertain[s] to repairs to the property or alleged remodeling/renovation from the loss made the subject of this lawsuit, damages or repairs or construction work to the property occurring before or after the loss made the basis of the lawsuit, amount/scope/extent of damage and loss of property from the loss made the basis of this lawsuit, depreciation, communications with [four of the six individuals and entities named in depositions on written questions] concerning the amount and extent of loss and damages/repairs/depreciation or the maters reference above.

From the order, we imply the trial court granted Stutts' motion after finding that Mountain Valley and Prostar did not have the right to challenge the validity of the appraisal award without a pleading raising affirmative defenses to avoid the legal effect of the award. We also imply the trial court found that, under the policy, the appraisal award fixed the gross amount of Stutts' loss.

In their petition, Mountain Valley and Prostar argue the discovery the trial court prevented them from getting is relevant to whether the appraisal award represents a reasonable compensation for Stutts' loss. For instance, they argue the witnesses they want to depose have knowledge about how much money Stutts spent

5

to repair his home. And they contend the witnesses have information relevant to whether the damages considered in the appraisal process are all covered losses under Mountain Valley's policy.

Analysis

The scope of discovery in civil cases hinges on the plaintiff's petition together with any defenses the defendants may have pleaded in response.[5] When conducting discovery, parties have a duty to reasonably tailor their requests so they include "only matters relevant to the case."[6] When a party ask that a court limit another party's discovery, the guiding rule instructs the trial courts to weigh the benefits of the requested discovery against the burdens and importance of the proposed discovery to the issues raised by the pleadings in the litigation.[7] To determine the appropriate scope of discovery in a given case, courts look to the parties' pleadings to determine whether the discovery being requested "relates to the claim or defense of the party seeking discovery or the claim or defense of any other party."[8]

Mountain Valley's and Prostar's arguments are unsupported by the record they filed in this Court. The record they filed does not include the defendant's answers, so the record before us simply does not allow us to determine whether

---

[5] Tex. R. Civ. P. 192.3
[6] *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998).
[7] *See* Tex. R. Civ. P. 192.4(b).
[8] *Id*. 192.3(a).

Mountain Valley's or Prostar's pleadings allege any affirmative defenses to the appraisal award, since the award, based on Mountain Valley's policy, "set the amount of the loss." Without the defendant's answers, we cannot tell whether the trial court abused its discretion by finding that Mountain Valley and Prostar had no right to litigate coverage or the validity of the appraisal award. These are matters the trial court would not allow the factfinder to consider without pleadings to support arguments about them.[9] And more, the Rules of Civil Procedure provide that "the party suing on [an insurance contract insuring against general hazards] shall never be required to allege that the loss was not due to a risk or cause coming within any of the exception specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability[.]"[10] No such pleadings are in the record before us here.

Without having a record that includes the defendants' answers to Stutts' suit, we cannot now say that the trial court abused its authority by finding the discovery Mountain Valley and Prostar wanted to pursue as outside the appropriate scope of discovery in the case. So while Mountain Valley and Prostar argue they wanted

---

[9] *See id*. 278 (requiring trial courts to submit issues to factfinders in trials based on the issues the parties raised in their written pleadings).

[10] *Id*. 94 (requiring several enumerated defenses to be affirmatively set forth a party's pleadings, including claims that an insurance policy does not cover the insured's loss).

discovery to pursue whether the appraisal award resulted from "fraud, accident or mistake," the party asserting such defense must first raise them in pleadings before discovery on them is available to the party in the case.[11] We conclude the record fails to establish that the trial court abused its authority by restricting the discovery they wanted to pursue to develop evidence on what we must conclude were unpleaded claims.[12]

On remand, we are confident the trial court will permit Mountain Valley and Prostar to pursue more discovery on claims raised by the pleadings should they amend their pleadings and raise new defenses before serving Stutts with more discovery. On this record, however, Mountain Valley and Prostar have failed to establish the trial court clearly abused its discretion by granting Stutts' motions, in which Stutts opposed their respective requests.[13] And the trial court had not duty to redraw the discovery to narrow it to the issues the pleadings raised, as the burden to draw proper discovery in the first instance lies on the party that propounds the requests, not the courts.[14]

---

[11] *See id.*

[12] *See id.* 192.4(b) (authorizing trial courts to limit the scope of discovery after considering whether the benefit of the discovery is important to resolving the issue at stake).

[13] *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

[14] *In re TIG Ins. Co.*, 172 S.W.3d 160, 168 (Tex. App.—Beaumont 2005, orig. proceeding).

## Conclusion

We conclude the Relators have failed to meet their burden to prove the trial court abused its discretion by granting Stutts' motion to quash and motion seeking a protective order. For these reasons, we lift our stay order of June 22, 2020, and deny the petition for a writ of mandamus.[15]

PETITION DENIED.

PER CURIAM

Submitted on July 24, 2020
Opinion Delivered September 24, 2020

Before Kreger, Horton and Johnson, JJ.

---

[15] Tex. R. App. P. 52.8(a).