**CONDITIONALLY GRANT and Opinion Filed May 10, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-21-00873-CV
_____

## IN RE HOME STATE COUNTY MUTUAL INSURANCE COMPANY D/B/A SAFECO AND NAJEEBA ANEESA SABOUR, Relators

**Original Proceeding from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-04602-E**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Smith

In this original proceeding, relators Home State County Mutual Insurance Company d/b/a Safeco and its adjuster, Najeeba Aneesa Sabour, collectively referred to as Safeco, seek mandamus relief from the trial court's order denying their motion to quash a corporate-representative deposition requested by real party in interest Adediji Taiwo. Safeco contends the deposition violates rule of civil procedure 193.4's proportionality requirement under the standard articulated by the Texas Supreme Court in *In re USAA General Indemnity Co.*, 624 S.W.3d 782 (Tex. 2021) (orig. proceeding). After reviewing the petition, response, reply, and the record, and

applying the standard with the facts articulated in *USAA*, we conditionally grant the petition.

## Background

After Taiwo was injured in an automobile accident between him and third-party Valeria Torres, Taiwo settled with Torres for her policy limit of $30,000. There was no judicial determination of liability or determination that Torres caused any of Taiwo's alleged injuries. Taiwo, believing his damages were greater than $30,000, sued Safeco to recover underinsured motorist (UIM) benefits.

Taiwo sought to take the oral deposition of Safeco's corporate representative. Safeco moved to quash the deposition, arguing the requested deposition was not relevant or proportional in the "car-wreck" phase of the proceeding and, in the alternative, the topics were overly broad and beyond the scope of discovery during the car-wreck phase.

In its motion to quash, Safeco admitted that (1) Taiwo had a valid insurance policy with Safeco at the time of the accident; (2) Taiwo was a named insured under the policy; (3) the vehicle involved in the accident was a "scheduled vehicle" under the policy; and (4) the policy provided for UIM benefits up to a certain amount if Taiwo established his entitlement to recover such benefits. Safeco clarified it disputed liability, causation, and damages.

After a hearing, the trial court denied Safeco's motion to quash and granted it permission to appeal. This Court denied Safeco's permissive appeal, and the

supreme court denied review of that decision shortly before it issued its opinion in *USAA*.

Using *USAA* as guidance, Taiwo subsequently served an amended notice of intent to take the oral deposition of a Safeco corporate representative to testify about the following limited matters:

1.  whether the negligent tortfeasor was an owner or operator of an uninsured motor vehicle at the time of the collision;

2.  any facts supporting SAFECO's legal theories and defenses;

3.  the amount and basis for SAFECO's valuation of the PLAINTIFF's damages; and

4.  SAFECO's claims and defenses regarding PLAINTIFF's assertions in this lawsuit, including but not limited to the following subject matters:

    a. SAFECO's contentions regarding the cause of the collision which forms the basis of this lawsuit including but not limited to SAFECO's contentions regarding the identity of each person whose negligence was a proximate cause of the collision and SAFECO's contentions regarding the proportionate responsibility of each such person and the factual bases of such contentions[;]

    b. SAFECO's contentions regarding the nature and extent of the alleged injuries brought by PLAINTIFF and the amount of damages asserted by PLAINTIFF, and the factual bases for such contentions; and

    c. SAFECO's contentions regarding other causes for the injuries alleged by PLAINTIFF in this lawsuit and the factual bases for such contentions.

In response, Safeco produced and disclosed approximately one thousand pages of responsive documents, including its entire unprivileged claim file, which included

–3–

Taiwo's insurance policy, correspondence between the parties, the police report stemming from the accident, and witness statements regarding the accident.

The trial court held a hearing on Safeco's motion to quash. Taiwo's counsel argued his notice of intent to take the oral deposition complied with the topics approved by the supreme court in *USAA*, and Safeco's "document dump" did not shield it from complying with the corporate-representative deposition. Safeco alleged that *USAA* provided guidance to insurers regarding evidence that may support proportionality objections; therefore, the documents it produced followed *USAA* and were not a "document dump." The trial court took the motion to quash under advisement.

On September 15, 2021, the trial court denied Safeco's motion to quash and ordered the deposition take place within three weeks "on the topics previously provided by Plaintiff, *subject to the parameters In re USAA General Indem. Co., ____ S.W.3d. ____, No. 20-0281*."[1] Safeco filed this original proceeding, and we granted a stay pending its resolution.

## Standard of Review

Mandamus is an extraordinary remedy requiring the relator to show that (1) the trial court abused its discretion and (2) the relator lacks an adequate remedy on appeal. *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 135–36 (Tex. 2004) (orig.

---

[1] The italicized portion was hand-written by the trial judge.

proceeding). "The trial court abuses its discretion by ordering discovery that exceeds that permitted by the rules of procedure." *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam). Depositions, once taken, cannot be "untaken," and mandamus has historically issued for discovery that is "outside the proper bounds." *See In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding); *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (per curiam). In particular, mandamus is appropriate to review a trial court's determinations regarding proportionality objections to discovery. *See USAA*, 624 S.W.3d at 791–93; *In re State Farm Lloyds*, 520 S.W.3d 595, 615 (Tex. 2017) (orig. proceeding).

### *USAA* and Scope of Discovery

The parties to a lawsuit generally may obtain discovery of information that is not privileged and is "relevant to the subject matter of the pending action." TEX. R. CIV. P. 192.3(a). Such evidence is discoverable even if it would not be admissible at trial so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. However, the trial court "should" limit otherwise permissible discovery if:

> (a) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or

> (b) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at

–5–

stake in the litigation, and the importance of the proposed discovery in resolving the issues.

TEX. R. CIV. P. 192.4.

The supreme court describes rule 192.4 as imposing a "proportionality standard that requires 'a case-by-case balancing of jurisprudential considerations.'" *In re K & L Auto Crushers*, 627 S.W.3d 239, 253 (Tex. 2021) (orig. proceeding) (quoting *State Farm Lloyds*, 520 S.W.3d at 599). Proportionality "acts as a governor to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry." *State Farm Lloyds*, 520 S.W.3d at 614. Complaints about proportionality must be supported with evidence, and conclusory allegations are insufficient. *K & L Auto Crushers*, 627 S.W.3d at 253.

The supreme court recently addressed the scope of discovery an insured may pursue from the insurer in an underinsured/uninsured motorist (UM/UIM) case. *See generally USAA*, 624 S.W.3d 782. In that case, the insured was injured in an automobile accident with a third party. *Id*. at 785. After settling with the third party, he sued the insurer seeking to recover benefits under his policy's UM/UIM provisions. *Id*. at 786. The insured served the insurer with notice of intent to take the oral deposition of the insurer's corporate representative. *Id*. The notice included a subpoena duces tecum instructing the representative to produce "any and all" reports produced concerning the insured's claim. *Id*. The insurer filed a motion to

quash the deposition and subpoena. *Id*. at 787. After a hearing, the trial court denied the motion to quash. *Id*.

The supreme court held that relevance concerns under rule 192.3(a) do not categorically foreclose the deposition of an insurer's corporate representative, although they do inform its scope. *Id*. at 790. The court reasoned that the scope of discovery differs in UM/UIM cases from the scope of discovery in other insurance disputes because contractual liability hinges on the liability of the uninsured third-party motorist. Thus, the court affirmed deposition topics which sought information regarding the "facts supporting [the insurer's] legal theories and defenses," whether the third-party motorist "was an uninsured/underinsured motorist at the time of the collision," and [the insurer's] "claims and defenses regarding [the insured's] assertions in this lawsuit." *Id*. at 793. But the court held that topics that encompassed "a general inquiry into [the insurer's] UIM policy" or claim-handling process exceeded the subject matter of the suit and were improper. *Id*. at 791.

Additionally, the supreme court held that the insurer failed to prove that the deposition was foreclosed by rule 192.4's proportionality requirement because the insurer submitted only the police's accident report in support of its motion to quash the deposition, which the insurer argued showed that the insurer had no personal knowledge of the accident. *Id*. at 792. The supreme court further reasoned that a lack of personal knowledge does not conclusively support a proportionality argument. *Id*. The supreme court explained it was not holding that a UM/UIM

–7–

carrier could never demonstrate that proportionality concerns foreclose a corporate representative's deposition. *Id*. Rather, in moving to quash the deposition, "USAA could have disclosed documents, or referenced previously disclosed documents providing the information in its possession regarding the liability and damages issues in the case." *Id*. That information, combined with the lack of personal knowledge of any relevant facts on behalf of the insurer, could show that a corporate representative's deposition would provide little if any additional benefit in relation to the cost. *Id*. at 793.

## Discussion

Safeco alleges in its petition that, unlike the insurer in *USAA*, it supported its proportionality objection by disclosing documents and referencing previously disclosed documents that provided the information in its possession regarding the liability and damages issues in this case. According to Safeco, that information, combined with its lack of personal knowledge, shows that a corporate-representative deposition would provide little, if any, benefit in relation to the cost. Taiwo argues we should deny mandamus relief for three reasons: (1) Safeco failed to support its proportionality objection with any evidence; (2) Safeco failed to show how Taiwo's topics differed from those the supreme court expressly permitted in *USAA*; and (3) Safeco failed to show it lacks an adequate remedy by appeal.

Contrary to Taiwo's assertion, Safeco supported its proportionality objection with evidence. Safeco provided the trial court with a business record affidavit and

two hearing exhibits, one containing a chain of e-mails between counsel and the other containing its supplemental responses to Taiwo's request for disclosure. Further, the declaration of Barbara Spearman, Senior Complex Resolution Specialist IV for Safeco, stated that Safeco had produced and disclosed "1,208 pages of responsive documents and things in this matter, including its entire, unprivileged claim file, which included Plaintiff's Policy, correspondence between the parties, the police report stemming from the accident and witness statements regarding the Accident."

As explained in *USAA*, a party's proportionality objections may be supported by reference to "previously disclosed documents providing the information in its possession regarding the liability and damages issues in the case." *See USAA*, 624 S.W.3d at 792–93. Safeco followed the supreme court's guidance.

Although we agree with Taiwo that his requests fell squarely within those permitted by *USAA*, the supreme court expressly permitted the topics in the context of relevancy. *Id*. at 795. But here, Safeco seeks mandamus relief because it contends taking the deposition would violate the proportionality requirement applicable to all discovery. In *USAA*, the court allowed the deposition to move forward because, based on the record before it, the requested discovery was "not out of proportion to the needs and circumstances of the case." *Id*.

Proportionality guards against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to

matters that are otherwise proper subjects of inquiry. *See State Farm Lloyds*, 520 S.W.3d at 614. Safeco does not argue that the deposition should be quashed because the topics noticed are irrelevant. It argues the deposition's burden or expense outweighs its likely benefit because Safeco has disclosed the information in its possession relevant to the issues of liability and damages (unlike *USAA* in which relator produced only the police accident report) and otherwise has no personal knowledge of the accident.

Applying the reasoning in *USAA*, we conclude the information Safeco provided, combined with its lack of personal knowledge, established that a corporate representative's deposition would provide little, if any, additional benefit in relation to the cost. *See USAA*, 624 S.W.3d at 793. Because the trial court ordered discovery "outside the proper bounds of discovery," it abused its discretion by denying Safeco's motion to quash and ordering the deposition of a corporate representative to proceed. *See CSX*, 124 S.W.3d at 152; *see also Am. Optical Corp.*, 988 S.W.2d at 713.

We reject Taiwo's argument that Safeco has an adequate remedy on appeal. Texas law is clear that a discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy. *See CSX*, 124 S.W.3d at 153 (holding there was no adequate remedy for discovery order compelling production of "patently irrelevant or duplicative documents"

because order "imposes a burden . . . far out of proportion to any benefit that may obtain to the requesting party").

## Conclusion

We conclude the trial court abused its discretion by denying Safeco's motion to quash a corporate-representative deposition, and the trial court's order leaves Safeco without an adequate remedy on appeal. Accordingly, we conditionally grant the petition for writ of mandamus and lift the stay imposed by our October 19, 2021 amended order. We direct the trial court to vacate its September 15, 2021 order denying Safeco's motion to quash and motion for protective order and enter an order granting the motion within fifteen days of this opinion. A writ will issue only if the trial court fails to comply.

/Craig Smith/
CRAIG SMITH
JUSTICE

Molberg, J., would deny the writ without opinion.

210873F.P05