**Denied and Opinion Filed November 14, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-01332-CV**

**IN RE JOHN JAY WINGFIELD, JR., Relator**

**Original Proceeding from the 494th District Court**
**Collin County, Texas**
**Trial Court Cause No. 494-51863-2024**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Garcia

Before the Court is relator's November 13, 2024 petition for writ of mandamus. Relator raises a number of arguments to challenge the trial court's requiring relator to pay interim attorney's fees to real party in interest's attorney. Relator asks this Court to grant a mandamus and "hold that the interim fee award (blindly equalizing attorney's fees) was an abuse of discretion."

The record reflects that the underlying case was originally trial court cause number 469-51863-2024 pending in the 469th Judicial District Court; that court issued a memorandum ruling that included a ruling on real party's request for interim attorney's fees. The case was subsequently administratively transferred to the 494th

Judicial District Court and renumbered trial court cause number 494-51863-2024; that court issued temporary orders that required relator to pay interim attorney's fees to real party's attorney. Relator identifies both trial judges as respondents in this original proceeding.

Relator's petition does not comply with rule 52. For example, relator spends considerable time outlining the law he says governs the issues he raises in this original proceeding, but he fails to sufficiently apply that law to the record before the Court and does not support his arguments with appropriate citations to the appendix or record. *See* TEX. R. APP. P. 52.3(h) (requiring clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record).

On the facts of this case, we also conclude that relator's prayer, whereby he asks this Court to hold that the interim fee award was an abuse of discretion, does not clearly state the nature of what, if any, mandamus relief he seeks against which, if either, named respondent. *See* TEX. R. APP. P. 52.2 (defining "respondent" as the person against whom relief is sought); TEX. R. APP. P. 52.3(i) (requiring a short conclusion that clearly states the nature of the relief sought); *Manuel v. Spector*, 712 S.W.2d 219, 221 (Tex. App.—San Antonio 1986, orig. proceeding) (stating mandamus will lie to compel a respondent to perform a ministerial duty clearly defined by law; to compel an act requiring the use of discretion without controlling the particular manner in which the discretion is to be exercised; or to correct a clear

abuse of discretion, such as when a duty is clearly mandated by statute or the procedure rules or when the court acts without any authority to do so).

Further, relator includes both the 469th Judicial District Court's memorandum ruling and the 494th Judicial District Court's temporary orders in his mandamus record, identifying both trial judges as respondents. But the only ruling relator includes in his appendix is a copy of the temporary orders issued by the 494th Judicial District Court. *See* TEX. R. APP. P. 52.3(k)(1)(A) (requiring relator to file an appendix with a certified or sworn copy of any order complained of). Relator then does not refer to either specific ruling or respondent in his arguments, and his prayer for relief does not specify what, if any, mandamus relief he seeks against either respondent, leaving this Court to guess as to the nature of the relief sought, if any, against each respondent. *See* TEX. R. APP. P. 52.3(h), (i).

Additionally and alternatively, "[t]he extraordinary nature of the mandamus remedy and the requirement that a party seeking mandamus relief exercise diligence both mandate that arguments not presented to the trial court cannot first be considered in an original proceeding seeking mandamus." *In re Floyd*, No. 05-16-00491-CV, 2016 WL 2353874, at *1 (Tex. App.—Dallas May 3, 2016, orig. proceeding) (mem. op.) (citing *In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1991) (orig. proceeding)). "A court cannot grant mandamus relief unless the error was raised in the trial court." *In re Rowes*, No. 05-14-00606-CV, 2014 WL 2452723, at *1 (Tex. App.—Dallas May 30, 2014, orig. proceeding) (mem. op.). "A party

–3–

seeking mandamus must direct the Court to where the argument was presented to the trial court." *Id*. Here, relator raises a number of legal and evidentiary challenges to the trial court's award of interim attorney's fees, but he fails to direct this Court to where he raised any of those arguments in the trial court. Based on our review of the record, we conclude relator is raising his challenges to the awards of interim attorney's fees for the first time in this original proceeding.

Accordingly, for the above independent and alternative reasons, we deny relator's petition for writ of mandamus. TEX. R. APP. P. 52.8(a).

241332f.p

/Dennise Garcia//

DENNISE GARCIA
JUSTICE